UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ADRIA L. BUXTON

    Plaintiff,

v.

HEALTHPORT TECHNOLOGIES, LLC.
a foreign corporation,

    Defendant.
_____/

CASE NO.

Magistrate Judge:

## COMPLAINT

Plaintiff, ADRIA L. BUXTON, ("Plaintiff"), a resident of Miami-Dade County, Florida, sues the Defendant, HEALTHPORT TECHNOLOGIES, LLC., ("Defendant"), a foreign corporation, and alleges:

### INTRODUCTION

1. This is an action to recover damages pursuant to the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and the Fair Labor Standards Act as amended, 29 USC §201 et seq., ("FLSA"). After more than two years of devoted and continuous service to her employer, Plaintiff was intentionally and improperly discriminated against when she was terminated from her job as a Release of Information Representative and Site Lead at Defendant's business located at Jackson North, 160 N.W. 170 Street, North Miami Beach, Florida, 33169, on January 19, 2010. Her termination was committed with malice and reckless disregard for her rights in violation of the FMLA. Moreover, Plaintiff was not paid in accordance with the FLSA.

## JURISDICTION

2. This action arises under the FMLA, 29 U.S.C. §2601, *et seq.*, and the FLSA, 29 USC §201 *et seq*.

3. This Court has jurisdiction over the federal causes of action pursuant to 28 U.S.C. §1343(4), 29 U.S.C. §626(c)(1), and 29 U.S.C. §2617.

4. Venue lies within the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

## PARTIES

5. Plaintiff is a resident of Miami-Dade County, Florida. She was employed directly by Defendant at 160 N.W. 170 Street, North Miami Beach, Florida, 33169.

6. Defendant is a foreign corporation having a place of business in Miami-Dade County, Florida, and is engaged in an industry affecting commerce. It employs more than 50 employees within a 75 mile radius of Plaintiff's work site.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all conditions precedent to maintaining this action.

## STATEMENT OF CLAIM

8. Plaintiff started as an employee at Defendant on June 4, 2007, and worked there continuously until she was unlawfully terminated on January 19, 2010.

9. Plaintiff was employed by Defendant as a Release of Information Representative and Site Lead.

10. Plaintiff was known as a hard-working, reliable and cooperative employee for more than two years with Defendant. She received excellent reviews for her service during her

employment. She was never issued any reprimands.

12. Plaintiff's work performance, at all times relevant, was consistent with or exceeded her employer's legitimate expectations.

12. Plaintiff was wrongfully terminated on a pretext on January 19, 2010. The termination was in violation of both law and Defendant's own policies and procedures. Specifically, on January 14, 2010, Plaintiff left work early because she received a phone call from her child's school stating that her child was ill. Plaintiff took her child to her grandmother's house and then returned to work. The following day, on January 15, 2010, Plaintiff's child's eyes were swollen when she woke up and Plaintiff believed she had "pinkeye." Plaintiff immediately called work to advise that she would be taking her daughter to the doctor. Upon being seen by the doctor, the diagnosis of "pinkeye" was confirmed as well as an ear infection. Plaintiff was told to fill a prescription for medication and to constantly monitor her child's condition. As a result, Plaintiff called Defendant again to advise them that she would not be able to come into work because of a serious medical condition involving her child. Plaintiff spoke to Erin Simms, who relayed the information to Plaintiff's supervisor, Misty Brackett. On the next day Plaintiff was scheduled to work, January 19, 2010, Plaintiff arrived at work with medical documentation confirming that she was out of work because she was caring for her child's serious medical condition. After working for approximately 30 minutes, Plaintiff was summoned to the cafeteria and told by Misty Brackett that she was fired for failing to show up to work on January 15, 2010. Ms. Brackett refused to even look at Plaintiff's medical documentation, though Plaintiff advised her that she had such documentation in her possession.

13. Plaintiff was wrongfully terminated in violation of her rights under the Family

Medical Leave Act. Moreover, Plaintiff's rights under the Family Medical Leave Act were interfered with in violation of the law and Defendant's own policies and procedures.

14. Plaintiff was humiliated, embarrassed and shamed that she would be terminated from her job, and she has suffered a great deal of mental anguish since and as a result of her termination.

15. Plaintiff lost her only source of employment as a result of her termination and has been unable to find new work given. She has also lost all of her benefits that she received through her employment.

16. Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which she is entitled to recover under the FMLA.

17. Trial by jury demanded for all claims so triable of right by jury.

## COUNT I

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

18. The allegations of Paragraphs 1 through 17 are adopted and incorporated as if they were fully set forth herein

19. This action arises under the Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*

20. The actions taken by Defendant in terminating Plaintiff are in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*

21. Plaintiff was terminated by Defendant in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*

22. Defendant and their management personnel knew that their termination of Plaintiff was in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* or recklessly

disregarded the rights of the Plaintiff and whether their acts were in violation of law.

23. As a direct and proximate result of the age discrimination by the Defendant, Plaintiff has sustained a loss of back pay, benefits, incidental expenses, and front pay and benefits.

24. Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §2617 because of Defendants' willful violation of Family Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq*.

25. Plaintiff is further entitled to his costs and attorneys' fees pursuant to 29 U.S.C. §2617(2)(3).

WHEREFORE, Plaintiff ADRIA L. BUXTON, demands judgment against the Defendant HEALTHPORT TECHNOLOGIES, LLC. for back pay; for the value of or the reinstatement of all benefits that he would have enjoyed but for the discriminatory termination, including, but not limited to, bonuses, retirement and pension benefits, 401(K) benefits, health insurance, and vacation benefits; incidental expenses; front pay and benefits; liquidated damages; costs and reasonable attorneys fees; prejudgment interest on all liquidated damages; compensatory and punitive damages; and all other relief the Court sees fit to grant.

## COUNT II

**Violation of Fair Labor Standards Act, 29 USC §201 *et seq*.**

26. Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 17.

27. Plaintiff brings this claim on behalf of herself and other employees and former employees of the Defendant, similarly situated to her, for compensation and other relief under the Fair Labor Standards Act as amended, 29 USC §201 et seq. Defendant is subject to jurisdiction under the FLSA.

28.	At all times pertinent hereto, Defendant failed to comply with 29 USC §201 - 219, in that Plaintiff and those similarly situated to Plaintiff performed services for the Defendant for which no provision was made by Defendant to properly pay Plaintiff and the others for those hours and Plaintiff was not paid for those hours.

29.	By reason of Plaintiff's employment with the Defendant she was employed by an enterprise engaged in commerce within the meaning of the FLSA.  Further, Plaintiff herself was engaged in commerce, in that the work performed by Plaintiff was directly essential to the business operations of the Defendant in interstate commerce, which in turn was directly essential to the business performed by Defendant overall.

30.	The records containing the number of hours actually worked by the Plaintiff and all others similarly situated to her, and compensation actually paid to such employees are in the possession, custody and control of the Defendant and Plaintiff is unable to state at this time the exact amount due and owing them or each similarly situated employee.  Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave to amend his Complaint to set forth the precise amount due Plaintiff.

31.	By reason of the said intentional willful and unlawful acts of the Defendant, Plaintiff (and indeed all potential Plaintiffs) have suffered damages, incurred costs and are also entitled to recover reasonable attorneys' fees, which are expressly allowed under the FLSA.

32.	As a result of Defendants willful violation of the Act, Plaintiff (and all Plaintiffs) are further entitled to liquidated damages in an amount equal to the amount of unpaid wages due them.

WHEREFORE, Plaintiff, ADRIA L. BUXTON, and those similarly situated to her who have or will opt into this action demand judgment against the Defendant, HEALTHPORT

*Buxton v. Healthport Technologies, etc.*
*Page No. 7*

TECHNOLOGIES, LLC. , for the payments due her, for the hours worked by her, for which she has not been compensated, liquidated damages, reasonable attorneys fees, costs, interest on all liquidated damages and all other relief the Court sees fit to grant.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

DATED THIS 26th day of August, 2010.

                                              **FEILER & LEACH, P.L.**
                                              901 Ponce de Leon Boulevard
                                              Penthouse Suite
                                              Coral Gables, Florida 33134
                                              Telephone (305) 441-8818
                                              Facsimile (305) 441-8081
                                              mel@flmlegal.com


                                              By:  /s/ Martin E. Leach
                                                     **Martin E. Leach**
                                                     Florida Bar No. 0037990